UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CAROLINA UVINA, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-15-2195 |
| | § | |
| NY ENTERPRISES, INC. d/b/a | § | |
| CHILDREN'S & BRIDAL ETC., | § | |
| | § | |
| *Defendant*. | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is defendant NY Enterprises, Inc. d/b/a Children's & Bridal Etc.'s ("NYE") motion to dismiss and, alternatively, motion for summary judgment against plaintiff Carolina Uvina. Dkt. 13. Uvina also filed a motion to strike exhibits attached to NYE's motion for summary judgment. Dkt. 16. Having considered the motions, responses, replies, evidentiary record, and the applicable law, the court is of the opinion that the case should be STAYED. Within ten (10) days of the date of this order, Uvina is ORDERED to file a motion to re-open her bankruptcy case and update her schedule to include this claim as personal property. The bankruptcy trustee has thirty (30) days after the bankruptcy case is re-opened to file a motion to lift the stay and to intervene in this case should the trustee elect to pursue this claim as an asset of the bankruptcy estate. The court does not reach the merits of the pending motions.

**I. BACKGROUND**

This is a dispute about unpaid overtime wages. Uvina worked full-time as a sales representative for NYE, a Texas corporation that sells and rents clothing and apparel. Dkt. 1. Uvina began working for NYE in 1996 and alleges that she regularly worked fifty hours a week and was

paid a weekly salary of $300. *Id.* at 2; Dkt. 15 at 2. She claims that this amount did not include overtime pay equal to time-and-a-half of her regular rate for any work in excess of forty hours per week. Dkt. 1 at 2. Around 1997, Uvina complained to her employer about the long hours she was required to work and alleges NYE promised to double her salary from $300 to $600 per week. *Id.* at 3; Dkt. 10, Ex. C. On a few occasions, NYE made payments of $300, in addition to her current $300 weekly salary, for a total of $600 a week. Dkt. 1 at 3. The parties dispute whether there was an oral promise to pay Uvina $600 a week or whether there was an arrangement for NYE to pay Uvina $300 per week and set aside $300 per week into her retirement account. Dkts. 1, 10, 11, 13, 15, 17. NYE admits that it paid "bonuses in excess of her normal salary on some occasions," but it denies promising Uvina a weekly salary of $600 per week or paying Uvina overtime pay. Dkt. 5 at 4 (Def.'s Answer).

On July 2, 2014, Uvina filed for Chapter 7 bankruptcy.[1] Dkt. 11, Ex. A (Uvina Bankr. Pet.). On August 26, 2014, during the pendency of her bankruptcy, NYE terminated Uvina's employment. Dkt. 15. On October 9, 2014, Uvina's bankruptcy was discharged and the case was closed that same day. B.R. Dkt. 23 (Uvina Bankr. Discharge); B.R. Dkt. 24 (Bankr. Order Closing Case).

On July 30, 2015, Uvina filed this lawsuit against NYE for: (1) violations of overtime pay and minimum wage laws under the Fair Labor Standards Act (FLSA), (2) breach of contract, and (3) *quantum meruit* under Texas common law.[2] 29 U.S.C. § 216(b); Dkt. 1. On December 8, 2016, NYE filed a motion for leave to file a motion to dismiss after the deadline to file dispositive motions

---

[1] The court will refer to documents from the Bankruptcy Court's docket in Bankruptcy Case No. 14-33750 as "B.R. Dkt."

[2] On August 8, 2016, NYE filed a claim in state court against Uvina for conversion and theft of property, and Uvina filed a counterclaim. Dkt. 13, Exs. C, D.

had passed. Dkt. 10. The court granted the motion for leave. Dkt. 12. On January 16, 2017, NYE filed a motion to dismiss, and alternatively, a motion for summary judgment. Dkt. 13. Uvina filed a response (Dkt. 15) and moved to strike the exhibits attached to NYE's motion for summary judgment (Dkt. 16). NYE filed its reply. Dkt. 17.

## II. LEGAL STANDARD

### A. Standing

Standing requires plaintiffs "to demonstrate: they have suffered an 'injury in fact;' the injury is 'fairly traceable' to the defendant's actions; and the injury will 'likely . . . be redressed by a favorable decision." *Public Citizen, Inc. v. Bomer*, 274 F.3d 212, 217 (5th Cir. 2001) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61, 112 S. Ct. 2130 (1992)). "An injury in fact [is] an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560. Standing is jurisdictional in nature and should be decided by the court before reaching the merits of the case. *See Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 93–94, 118 S. Ct. 103 (1998).

When filing bankruptcy, debtors are under a duty to disclose all pending and potential claims. *Kane v. Nat'l Union Fire Ins. Co.*, 535 F.3d 380, 385 (5th Cir. 2008). This duty to disclose is a continuing duty and debtors have "an express, affirmative duty to disclose all assets, *including contingent and unliquidated claims*." *In re Coastal Plains, Inc.*, 179 F.3d 197, 207–08 (5th Cir. 1999) (emphasis in original). "Section 541 of the Bankruptcy Code provides that virtually all of a debtor's assets, including causes of action belonging to the debtor at the commencement of the bankruptcy case, vest in the bankruptcy estate upon the filing of a bankruptcy petition." *Kane*, 535 F.3d at 385 (citing 11 U.S.C. § 541(a)(1); *In re Swift*, 129 F.3d 792, 795 (5th Cir. 1997) and 5 COLLIER ON BANKRUPTCY § 541.08). "Causes of action need not be formally filed prior to the

3

commencement of a bankruptcy case to become property of the bankruptcy estate." *Lawrence v. Jackson Mack Sales, Inc.*, 837 F. Supp. 771, 779 (S.D. Miss. 1992) (collecting cases), *aff'd sub nom. Lawrence v. Jackson Mack Sales*, 42 F.3d 642 (5th Cir. 1994).

The trustee, as the representative of the bankruptcy estate, is the real party in interest, and "is the only party with standing to prosecute causes of action belonging to the estate once the bankruptcy petition has been filed." *Id.* (citing 11 U.S.C. §§ 323, 541(a)(1); *Wieburg v. GTE Southwest, Inc.*, 272 F.3d 302, 306 (5th Cir. 2001)). Once an asset becomes part of the bankruptcy estate, the debtor reclaims the asset only if the trustee abandons it. *Id.* (citing *Parker v. Wendy's Int'l, Inc.,* 365 F.3d 1268, 1272 (11th Cir. 2004)). "In a Chapter 7 case, '[a]t the close of the bankruptcy case, property of the estate that is not abandoned under § 554 and that is not administered in the bankruptcy proceedings'—including property that was never scheduled—'remains the property of the estate.'" *Id.* (quoting *Parker*, 365 F.3d at 1272).

### III. ANALYSIS

NYE argues that because Uvina's causes of action belong to the bankruptcy estate, Uvina does not have standing as a third-party to the estate. Dkt. 13. NYE claims that her cause of action accrued prior to her July 2014 bankruptcy and that Uvina failed to disclose any potential claims as an asset on her bankruptcy schedules. *Id.* Uvina counters that her cause of action did not accrue until after she spoke with her attorney in February and April 2015 and realized her unpaid overtime wages, *quantum meruit*, and breach of contract claims were actionable. Dkt. 15. Uvina urges the court to apply the continuing tort doctrine and fraudulent concealment to defer the accrual period. *Id.*

The Fifth Circuit clearly states that the accrual of a cause of action is not the same as a statute of limitation, in which the discovery rule tolls the limitations period until the injured party

4

"discovers" or with the exercise of reasonable care and diligence should have discovered that a particular injury has occurred. *In re Swift*, 129 F.3d 792, 796 (5th Cir. 1997) ("Unfortunately, many cases applying the principles of the discovery rule are written in terms of accrual."). "Discovery is relevant to the determination of when the statute of limitations begins to run, but it is not an element necessary for the cause of action to accrue for purposes beyond the statute of limitations." *Id.* at 798. The Fifth Circuit held that whether a trustee or debtor owns a claim in a bankruptcy proceeding is dependent on when the cause of action accrued, not when the plaintiff discovers the injury. *Id.* at 797–98. "Our focus, then, is upon the moment the injury occurred." *Id.*

Here, the record shows that prior to her bankruptcy filing, Uvina complained to her supervisor about long hours and asked for a pay raise because she was not receiving adequate pay. Dkts. 1, 15. Upon her termination, she allegedly asked about the retirement account in which her employer would set aside $300 per week in lieu of a pay raise. Dkt. 17. These facts give rise to her FLSA claim for violations of minimum wage and overtime pay and her common law *quantum meruit* and breach of contract claims. The court agrees with NYE that Uvina's alleged injury occurred while she was employed, which was in part, prior to her filing of bankruptcy. Dkt. 13. Thus, this cause of action is part of the bankruptcy estate. *Drew v. Anderson*, No. 91-8469, 1993 WL 82298, at *1 (5th Cir. March 18, 1993) (per curiam) (unpublished) (holding "the definition of property of the estate [under § 541(a) ] is to be interpreted broadly, and includes causes of action existing at the time of the commencement of the bankruptcy action").

Even if Uvina learned about her cause of action after her bankruptcy was discharged and the case was closed, she still has an "express, affirmative duty to disclose all assets" and update her bankruptcy schedules, because the "duty of disclosure in a bankruptcy proceeding is a continuing one, and a debtor is required to disclose all potential causes of action." *Coastal Plains*, 179 F.3d at

207–08; *see also Reed v. City of Arlington*, 650 F.3d 571, 575 (5th Cir. 2011) (holding bankruptcy trustee's duty to "collect and reduce to money the property of the estate for which the trustee serves" is not extinguished by debtor's failure to disclose the asset or the close of a bankruptcy case) (internal citations omitted).

Finally, there is no evidence that the trustee has abandoned this claim. *Id.* "Because nothing in the record suggests that these claims were abandoned or administered in accordance with the [Bankruptcy Code], these claims remain the property of [debtor's] bankruptcy estate." *Id. But see Kane*, 535 F.3d at 387 ("[F]ollowing the trustee's abandonment, the interest in the claim had reverted to the debtors."). Because this cause of action is the property of the bankruptcy estate, Uvina lacks standing to bring this suit. Accordingly, Uvina is ORDERED to file a motion to re-open her bankruptcy case (No. 14-BK-33750) within ten (10) days of this order. The bankruptcy trustee has thirty (30) days after the bankruptcy case is re-opened to file a motion to intervene in this case should the trustee elect to pursue this claim as an asset of the bankruptcy estate. In the interim, this matter is STAYED and the court does not reach the merits of the pending motions.

## IV. Conclusion

Uvina is ORDERED to file a motion to re-open her bankruptcy case (No. 14-BK-33750) within ten (10) days of this order. A copy of this order shall be attached as an exhibit to the motion to re-open the bankruptcy case. It is ORDERED that this cause of action be STAYED and administratively (statistically) closed. The bankruptcy trustee has thirty (30) days after the bankruptcy case is re-opened to file a motion to lift the stay and to intervene in this case should the trustee elect to pursue this claim as an asset of the bankruptcy estate. Should the trustee elect to abandon the claim, the plaintiff or the defendant may move to reinstate the case on the court's active docket at such time in the future as deemed appropriate. A copy of this order shall be attached as an exhibit to any motion to reinstate.

Signed at Houston, Texas on May 16, 2017.

_____
Gray H. Miller
United States District Judge